UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Terry Lee Branson, | Case No. 16-cv-1790 (WMW/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Emily Johnson Piper, et al., | |
| Defendants. | |

This matter is before the Court on the May 3, 2017 Report and Recommendation (R&R) of United States Magistrate Judge Franklin L. Noel. (Dkt. 30.) Plaintiff Terry Lee Branson, an individual civilly committed to the Minnesota Sex Offender Treatment Program (MSOP), alleges that Defendants' requirement limiting his purchase of a pair of hair clippers to vendors approved by MSOP violates his constitutional rights and Minnesota law. The R&R recommends granting Defendants' motion to dismiss for failure to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Branson timely objected to the R&R on March 16, 2017. Defendants responded to Branson's objections on May 23, 2017, arguing that the Court should overrule Branson's objections and adopt the R&R.

After a party files and serves specific written objections to a magistrate judge's proposed findings and recommendations, LR 72.2(b)(1), the district court reviews de novo those portions of the R&R to which an objection is made, 28 U.S.C. § 636(b)(1). When doing so, the district court "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). The Court reviews those portions of the R&R to which no objections are made for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

Branson argues that the R&R improperly analyzes his claims as those of a prison inmate subject to penal restrictions and the Prison Litigation Reform Act, rather than as a pretrial detainee entitled to more civil liberties. This argument is unavailing. The R&R properly identifies Branson as a civilly committed individual—accorded the same rights as a pretrial detainee—and applies Eighth Circuit precedent to Branson's claims. *See, e.g.*, *Beaulieu v. Ludeman*, 690 F.3d 1017, 1028 (8th Cir. 2012); *Serna v. Goodno*, 567 F.3d 944, 948-49 (8th Cir. 2009); *Senty-Haugen v. Goodno*, 462 F.3d 876, 886-87 (8th Cir. 2006). Although Branson contends that the case law on which the R&R relies is "erroneously litigated," Branson fails to provide any legal authority for disregarding that precedent.

Branson also asserts that Defendants should be required to prove that the challenged restrictions are reasonably related to legitimate objectives. But whether a restriction is reasonably related to a legitimate objective is a legal conclusion rather than a finding of fact. *Cf. Bell v. Wolfish*, 441 U.S. 520, 540 (1979) (recognizing legitimate objectives beyond those the government asserted). Moreover, Branson's complaint

2

expressly acknowledges that maintaining a secure facility is the justification for the policy under which Defendants confiscated the hair clippers. Ensuring a secure facility and prohibiting the introduction of contraband that may undermine MSOP's therapeutic environment are legitimate MSOP objectives. *See, e.g.*, *Beaulieu*, 690 F.3d at 1028-29. For these reasons, the R&R properly concludes that maintaining a secure facility by regulating the introduction of outside products is a restriction that is reasonably related to a legitimate MSOP objective.

Branson does not object to the remaining portions of the R&R, and the Court finds no clear error as to those recommendations. Accordingly, the Court overrules Branson's objections, adopts the R&R, and dismisses Branson's complaint for failure to state a claim on which relief can be granted. Because Branson's claims under the Fifth Amendment to the United States Constitution and Minnesota statutes are futile for the reasons identified in the R&R, those claims are dismissed with prejudice. *See Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009). The remaining claims are dismissed without prejudice.

## ORDER

Based on the R&R, the foregoing analysis and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Terry Lee Branson's objections to the R&R, (Dkt. 32), are **OVERRULED**.

2. The May 3, 2017 R&R, (Dkt. 30), is **ADOPTED**.

3. Defendants' motion to dismiss, (Dkt. 11), is **GRANTED** as follows:

   a. Plaintiff's Section 1983 claims based on alleged violations of the First Amendment, Fourth Amendment, and Fourteenth Amendment to the United States Constitution are **DISMISSED WITHOUT PREJUDICE**.

   b. Plaintiff's Section 1983 claim based on alleged violations of the Fifth Amendment to the United States Constitution and Plaintiff's claims based on alleged violations of Minn. Stat. § 146.651 and Minn. Stat. § 253D.19 are **DISMISSED WITH PREJUDICE**.

4. Plaintiff Terry Lee Branson's Complaint, (Dkt. 1), is **DISMISSED** as outlined herein.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 26, 2017                                s/Wilhelmina M. Wright
                                                                             Wilhelmina M. Wright
                                                                             United States District Judge